## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 16-

LATELE PRODUCTIONS, INC.,
a Florida corporation,

      plaintiff,

v.                                                        JURY TRIAL DEMANDED

TV AZTECA, a Mexican corporation, and
COMAREX S.A. de CV, a Mexican corporation,

      defendants.

_____/

### COMPLAINT

      LATELE Productions, Inc. files this Complaint against TV Azteca and Comarex S.A. de CV for their wrongful purchase, production, broadcast, and distribution of two telenovelas owned by LATELE —Emperatriz and Las Dos Dianas (collectively, the "Novelas"). Based on that wrongful conduct, LATELE seeks damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101, *et seq.*, unfair competition, and unjust enrichment.

### THE PARTIES, JURISDICTION, AND VENUE

      1.     LATELE is a corporation duly organized and existing under the laws of Florida, with its principal place of business in Miami-Dade County, Florida.

      2.     TV Azteca is a Mexican broadcasting company that broadcasts in the main Spanish-language markets nationwide, including Florida, and abroad, directly or indirectly, through a number of subsidiaries and agents.

3.     Comarex S.A. de CV is a company headquartered in and with its principal place of business at Bosque de Duraznos 69-905, Bosques de las Lomas, Mexico City, 11700, México.

4.     This Court has personal jurisdiction over the defendants under Florida Statute § 48.193(1)(a)(2) because they each committed tortious acts in this district.

5.     This Court has subject matter jurisdiction over this copyright infringement action under 28 U.S.C. §1331 and 28 U.S.C. § 1338(a). Supplemental jurisdiction exists under 28 U.S.C. § 1367 for the state law causes of action stated in Counts III, IV, and V because each of them arises out of a common nucleus of operative facts with those from which the federal claims arise. Alternatively, this Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1332 because the matter in controversy exceeds the sum of $75,000 exclusive of interest and costs, and is between citizens of different States in which citizens of foreign states are additional parties.

6.     Venue is proper in this district under 28 U.S.C. §1391(b)-(c) and 28 U.S.C. §1400(a) because defendants are subject to personal jurisdiction in this district and therefore "reside" in this district as that term is defined in 28 U.S.C. § 1391(c). Venue is also proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events that give rise to the claims asserted here occurred in this district.

## FACTS

7.     Venezuela has been a signatory to the Berne Convention for the Protection of Literary and Artistic Works since 1982 ("Berne Convention").

8.     Between 1989 and 2001, Marte CVT Producciones de Televisión, S.A. ("Marte CVT"), a Venezuelan television network,[1] employed certain writers to develop and write

---

[1] Also known as Marte CVT or using an S.A. denomination instead of C.A.

telenovelas for Marte CVT. These writers were on Marte CVT's payroll at the time of their work on the Novelas and their scripts.

9.  José Ignacio Cabrujas Lofiego was a Marte CVT writer. He developed and wrote the script for the Novelas on or about 1994 and assigned and transferred exclusively to Marte CVT any and all legally assignable rights he owned regarding the Novelas. This agreement was promptly registered in Venezuela's Public Registry, which is a public record available to third parties.

10.  Under Venezuelan law, the employment relationship with the Novelas' writers and their assignment to Marte CVT gave Marte CVT the exclusive rights to: (1) reproduce the copyrighted work; (2) prepare derivative works based upon the copyrighted work; (3) distribute the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending; (4) perform the copyrighted work publicly; and (5) display the copyrighted work publicly.

11.  As of this date, the assignment and transfer of these exclusive copyrights to Marte CVT have not expired.

## THE VALID PURCHASE AGREEMENT

12.  On September 12, 2001, LATELE's predecessors in ownership acquired the exclusive copyrights to the Novelas from Producciones Agualinda, C.A. (the "Purchase Agreement"). This transfer was registered in Venezuela's Commercial Registry on or about October 24, 2001. This is a public record available to third parties.

13.  LATELE's predecessors in ownership never transferred nor assigned any rights to the Novelas to TV Azteca or Comarex.

14.      All copyrights to the Novelas were later transferred exclusively to LATELE,[2] which currently owns all copyrights to the Novelas.

## THE NOVELAS

15.      Emperatriz is an original telenovela completed in 1990 and first broadcasted in 1993 on Marte CVT in Venezuela. Emperatriz consists of 211 episodes.

16.      Las Dos Dianas is an original telenovela completed in 1991 and first broadcasted in 1992 on Marte CVT in Venezuela. Las Dos Dianas consists of 137 episodes.

17.      The Novelas' scripts, storylines, characters, and themes are novel and original ideas.

## AZTECA'S EARLY KNOWLEDGE OF LATELE'S RIGHTS TO THE NOVELAS

18.      TV Azteca and Comarex knew since at least 2001 that LATELE owned the Novelas.

19.      On or about December 2001, LATELE offered the Novelas to TV Azteca and Comarex during a meeting with Marcel Vinay Jr., vice-president of Comarex and VP International Sales of TV Azteca, in Comarex's office in Coral Gables. TV Azteca and Comarex reviewed the information about the Novelas, but declined to buy them.

20.      Fernando Fraiz, on behalf of LATELE, attended NAPTE[3] annually between 2001 and 2010, and on several occasions met with Comarex's president, Marcel Vinay Sr., in Florida and Las Vegas, to offer the Novelas to TV Azteca.

---

[2] Going forward, we will refer to LATELE and its predecessors in ownership since the date of the Purchase Agreement, collectively as LATELE.

[3] NATPE is an annual TV programming conference that takes in the United States with the goal of bringing together buyers and sellers of TV content.

21.     Fraiz also traveled to Mexico at least twice to meet with Marcel Vinay Sr. and Marcel Vinay Jr., to offer the Novelas to TV Azteca, between 2001 and 2009.

**TV AZTECA'S THEFT**

22.     Towards the end of 2010, LATELE learned that TV Azteca was starting production of one or more of the Novelas, and that it had purportedly "acquired" it through its programming distributor Comarex in Florida.

23.     LATELE notified TV Azteca and Comarex that LATELE owns the exclusive rights to the Novelas, with written communications between the parties as early as January 2011.

24.     On April 8, 2011, counsel for LATELE sent a letter to defendants warning them that TV Azteca was violating LATELE's exclusive copyrights to the Novelas by producing them without LATELE's authorization.

25.     In response, defendants produced a forged certified copy dated June 17, 2011, of a document purporting to transfer the copyrights to the Novelas. *See* forged certified copy and judicial inspection attached to this Complaint as Exhibit A.

26.     On July 12, 2011, a Venezuelan Judge determined that the certified copy and the original document were false and forged. In particular, the Judge determined that the original document does not exist in the corresponding public registry, that the number assigned to the registry purporting to have certified the document is incorrect, that the stamps in the document do not coincide with the ones used in that registry, and that the document is missing information required by that registry when certifying documents.

27.     Following that exchange, representatives of LATELE and TV Azteca met in Miami around July of 2011 to discuss TV Azteca's infringement of LATELE's copyrights.

28.     During that meeting, Vinay Sr., recognized the illegality of the forged document, and promised to compensate LATELE for TV Azteca's use of the Novelas.

29.     Vinay Sr., however, did not follow through on this promise, and instead, TV Azteca completely and willfully ignored LATELE's rights to the Novelas and continued its unauthorized production.

30.     TV Azteca's unauthorized production of the Novelas took place, in part, in Los Angeles, California.

31.     Following the acts of infringement in the United States, TV Azteca wrongfully and intentionally produced, broadcasted, and distributed the Novelas (Las Dos Dianas was renamed Cielo Rojo) as its own, directly or indirectly, in the United States, as well as in Brazil, Brunei, Chile, Colombia, Croatia, Cyprus, Dominican Republic, Georgia, Honduras, Hungary, Indonesia, Lithuania, Malaysia, Nicaragua, the Middle East, Panama, Paraguay, Peru, Puerto Rico, Russia, Romania, Singapore, Spain, and Venezuela, from on or about April 5, 2011, to the present.

32.     Several of the foreign channels broadcasting the Novelas are accessible from Florida either online or on cable TV.

33.     Moreover, episodes of the Novelas broadcasted by TV Azteca, directly or indirectly through its subsidiaries, are also available online with TV Azteca's name, logo and brand, and are accessible in Florida.

34.     TV Azteca's conduct is so flagrant that it replicated every aspect of the Novelas. In addition to containing the same core plot, the same sequence of events, and the same characters, they also possess similar dialogue, pace, mood, and tone.

### THE DAMAGES SUFFERED BY LATELE

35.     On information and belief, the Novelas are a huge commercial success in the countries where they are broadcasted, through which the defendants have profited greatly.

36.     While defendants wrongfully produce, broadcast, and distribute the Novelas, LATELE is being deprived of its rights to them, including, but not limited to, its ability to license them to third parties and to realize profits from them.

37.     For example, around March 2011, LATELE offered the Novelas to Televisa. Televisa showed interest and they were soon negotiating a license agreement for approximately 15 years. But Televisa then learned that TV Azteca was already broadcasting and claiming rights to them, so it lost all interest in the Novelas, and stopped the negotiating to LATELE's detriment.

38.     The damages suffered by LATELE in connection with defendants' ongoing infringements of LATELE's exclusive copyright to the Novelas continue to the present day.

39.     LATELE has repeatedly notified defendants of their infringements of LATELE's copyrights to the Novelas. Despite this, defendants have stubbornly refused to correct their wrongful conduct. Thus, LATELE is forced to bring this action to require defendants to right their wrongs by making LATELE whole.

40.     LATELE has engaged Rivero Mestre LLP to represent it, and LATELE is obligated to pay that law firm's reasonable attorneys' fees and costs in the prosecution of this action.

41.     All conditions precedent to the prosecution of this action have been satisfied, fulfilled, extinguished, waived, or otherwise executed.

## CLAIMS FOR RELIEF

### COUNT ONE
### (Copyright Infringement 17 U.S.C. §§ 101, *et seq.* of the Novelas against TV Azteca)

LATELE realleges the allegations of paragraphs 1 through 41 of this complaint as though fully set forth here.

42.     In accordance with the Berne Convention, to which both Venezuela and the United States have been signatories since 1982 and 1989 respectively, LATELE is entitled to the protections of the Copyright Act. 17 U.S.C. §101, *et seq.*

43.     The ideas underlying the Novelas are original ideas owned by LATELE since 2001.

44.     During all relevant times, LATELE has been and still is the exclusive owner of the copyrights to the Novelas.

45.     As the copyright owner of the Novelas under Venezuelan law and 17 U.S.C. §§106 and 501, LATELE is the owner of the exclusive rights to reproduce the Novelas, prepare derivative works based on the Novelas, distribute the Novelas to the public by sale or other transfer of ownership, or by rental, lease, or lending, and display the Novelas publicly.

46.     TV Azteca infringed LATELE's copyright in the Novelas in violation of the Copyright Act by deliberately and intentionally copying, reproducing, distributing and broadcasting the Novelas as their own, on several domestic and international media outlets.

47.     Each episode of the Novelas is a separate work infringed upon by TV Azteca.

48.     LATELE is entitled to its actual damages and any additional profits of TV Azteca attributable to the infringement under 17 U.S.C. § 504(b), including an accounting of, and a constructive trust with respect to, those profits.

49.     Alternately, LATELE is entitled to statutory damages.

50.     As direct and proximate result of these acts and conduct, LATELE has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

51.     Unless enjoined and restrained by this Court, TV Azteca will continue to infringe LATELE's rights in the Novelas.

52.     LATELE is entitled to preliminary and permanent injunctive relief to restrain and enjoin TV Azteca's continuing infringing conduct. LATELE's injury outweighs the threatened harm the injunction may cause to TV Azteca, and granting the injunction will not disserve the public interest.

WHEREFORE, LATELE demands judgment against TV Azteca for damages, including lost profits, statutory damages, attorneys' fees and costs, prejudgment interest, and any other relief this Court deems appropriate.

## COUNT TWO
**(Copyright Infringement 17 U.S.C. §§ 101, *et seq.* of the Novelas against Comarex)**

LATELE realleges the allegations of paragraphs 1 through 41 of this complaint as though fully set forth here.

53.     In accordance with the Berne Convention to which both Venezuela and the United States have been signatories since 1982 and 1989 respectively, LATELE is entitled to the protections of the Copyright Act. 17 U.S.C. §101, *et seq.*

54.     The ideas underlying the Novelas are original ideas owned by LATELE since 2001.

55.     During all relevant times, LATELE has been and still is the exclusive owner of the copyrights to the Novelas.

56.     As the copyright owner of the Novelas under Venezuelan law and 17 U.S.C. §§106 and 501, LATELE is the owner of the exclusive rights to reproduce the Novelas, prepare derivative works based on the Novelas, distribute the Novelas to the public by sale or other transfer of ownership, or by rental, lease, or lending, and display the Novelas publicly.

57.     Comarex infringed LATELE's copyright in the Novelas in violation of the Copyright Act by deliberately and intentionally copying, reproducing, and distributing the Novelas.

58.     Each episode of the Novelas is a separate work infringed upon by Comarex.

59.     As direct and proximate result of the foregoing acts and conduct, LATELE has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

60.     LATELE is entitled to its actual damages and any additional profits of Comarex attributable to the infringement under17 U.S.C. § 504(b), including an accounting of, and a constructive trust with respect to, those profits.

61.     Alternately, LATELE is entitled to statutory damages.

62.     As direct and proximate result of these acts and conduct, LATELE has sustained and will continue to sustain substantial, immediate, and irreparable injury, for which there is no adequate remedy at law.

63.     Unless enjoined and restrained by this Court, Comarex will continue to infringe LATELE's rights in the Novelas.

64.     LATELE is entitled to preliminary and permanent injunctive relief to restrain and enjoin Comarex's continuing infringing conduct. LATELE's injury outweighs the threatened

harm the injunction may cause to TV Azteca, and granting the injunction will not disserve the public interest.

WHEREFORE, LATELE demands judgment against Comarex for damages, including lost profits, statutory damages, attorneys' fees and costs, prejudgment interest, and any other relief this Court deems appropriate.

### COUNT THREE
#### (Unfair Competition against TV Azteca)

LATELE realleges the allegations of paragraphs 1 through 41 of this complaint as though fully set forth here, and further alleges that:

65.     In accordance with the Berne Convention to which both Venezuela and the United States have been signatories since 1982 and 1989 respectively, LATELE is entitled to the protections of the Copyright Act. 17 U.S.C. §101, *et seq.*

66.     The ideas underlying the Novelas are original ideas owned by LATELE since 2001.

67.     During all relevant times, LATELE has been and still is the exclusive owner of the copyrights to the Novelas.

68.     As the copyright owner of the Novelas under Venezuelan law and 17 U.S.C. §§106 and 501, LATELE is the owner of the exclusive rights to reproduce the Novelas, prepare derivative works based on the Novelas, distribute the Novelas to the public by sale or other transfer of ownership, or by rental, lease, or lending, and display the Novelas publicly.

69.     TV Azteca, in bad faith, misappropriated and exploited a commercial advantage that belonged to LATELE by reproducing, distributing, and broadcasting the Novelas in the United States and abroad.

70.     TV Azteca is unfairly competing in the domestic and international telenovela market by deceptively and unfairly reproducing, distributing, and broadcasting the Novelas.

71.     As a result of TV Azteca's conduct, LATELE has suffered substantial damages.

WHEREFORE, LATELE demands judgment against TV Azteca for damages, including lost profits, costs, prejudgment interest, and any other relief this Court deems appropriate.

## COUNT FOUR
### (Unfair Competition against Comarex)

LATELE realleges the allegations of paragraphs 1 through 41 of this complaint as though fully set forth here.

72.     In accordance with the Berne Convention to which both Venezuela and the United States have been signatories since 1982 and 1989 respectively, LATELE is entitled to the protections of the Copyright Act. 17 U.S.C. §101, *et seq.*

73.     The ideas underlying the Novelas are original ideas owned by LATELE since 2001.

74.     During all relevant times, LATELE has been and still is the exclusive owner of the copyrights to the Novelas.

75.     As the copyright owner of the Novelas under Venezuelan law and 17 U.S.C. §§106 and 501, LATELE is the owner of the exclusive rights to reproduce the Novelas, prepare derivative works based on the Novelas, distribute the Novelas to the public by sale or other transfer of ownership, or by rental, lease, or lending, and display the Novelas publicly.

76.     Comarex, in bad faith, misappropriated and exploited a commercial advantage that belonged to LATELE by reproducing and distributing the Novelas.

77.     Comarex is unfairly competing in the domestic and international telenovela market by deceptively and unfairly reproducing and distributing the Novelas.

78.     As a result of Comarex's conduct, LATELE has suffered substantial damages.

WHEREFORE, LATELE demands judgment against Comarex for damages, including

lost profits, costs, prejudgment interest, and any other relief this Court deems appropriate.

## COUNT FIVE
### (Unjust enrichment against defendants)

LATELE realleges the allegations of paragraphs 1 through 41 of this complaint as though

fully set forth here.

79.     LATELE conferred a benefit to the defendants by defendants' use of the Novelas.

80.      Defendants have knowledge of that benefit, because they are profiting from the

Novelas as if defendants owned them.

81.     Defendants' acceptance and retention of the benefit derived from the Novelas

make it inequitable for them to retain that benefit since 2010 to the present without paying value

for it.

WHEREFORE, LATELE demands judgment against defendants for damages, including

lost profits, costs, prejudgment interest, and any other relief this Court deems appropriate.

## PRAYER FOR RELIEF

For these good reasons, LATELE respectfully requests judgment against defendants and

other relief as follows:

(1)     An accounting of, and the imposition of a constructive trust with respect to,

        defendants' profits attributable to their infringements of LATELE's copyright in

        the Novelas;

(2)     a preliminary and permanent injunction prohibiting defendants, and their

        respective agents, subsidiaries, servants, employees, officers, successors,

licensees and assigns, and all persons acting in concert or participation with them, from continuing to infringe LATELE's copyright in the Novelas;

(3)    damages in accordance with the Copyright Act, 17 U.S.C. § 504, and as otherwise permitted by law, including lost profits, costs, prejudgment interest and attorneys' fees; and

(4)    such other and further relief to which LATELE may be entitled and as the Court or a jury may deem just and proper.

## DEMAND FOR JURY TRIAL

LATELE respectfully demands a trial by jury as to all issues and claims so triable.

Respectfully submitted: December 27, 2016.

RIVERO MESTRE LLP
*Attorneys for LATELE Productions, Inc.*
2525 Ponce de Leon Blvd., Suite 1000
Miami, Florida 33134
Telephone: (305) 445-2500
Facsimile: (305) 445-2505
Email: arivero@riveromestre.com
Email: paguila@riveromestre.com
Secondary: npuentes@riveromestre.com

By:    s/Andrés Rivero
        Andrés Rivero
        Florida Bar No. 613819
        M. Paula Aguila
        Florida Bar No. 43135

## CERTIFICATE OF SERVICE

I certify that on December 27, 2016, I electronically filed this document with the Clerk of the Court using CM/ECF.

    s/ Andrés Rivero
    ANDRÉS RIVERO